UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                CIVIL ACTION

VERSUS                                                  NO. 03-309

ADDISON W. PAYNE                                        SECTION "F"

ORDER AND REASONS

Before the Court is Addison Payne's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons that follow, the defendant's motion is DENIED.

Background

On November 20, 2003, Addison Payne pled guilty to two counts of aggravated bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and one count of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A).[1] He was sentenced to 97 months for each count of bank robbery (to run concurrently), and 84 months for the firearm count, to run consecutively with the bank robbery sentence. The Fifth Circuit affirmed Payne's sentence on

---

[1] Payne's co-defendant, Ken Stevenson, participated in one of the bank robberies and was charged with one count of aggravated bank robbery and one count of using a firearm. He pled guilty to both counts at the November 20, 2003 hearing.

1

February 23, 2006, and the United States Supreme Court denied certiorari on October 2, 2006. Payne filed this motion to vacate or correct his sentence on June 1, 2007. He argues that his trial counsel was constitutionally ineffective, his appellate counsel had a conflict of interest, and the government lacked jurisdiction to prosecute him for the bank robberies.

I.

In <u>Strickland v. Washington</u> the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel. To prevail, a petitioner must establish that: (1) his attorney's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different. <u>See Strickland v. Washington</u>, 466 U.S. 668, 694 (1984); <u>Styron v. Johnson</u>, 202 F.3d 438, 450 (5th Cir. 2001). The petitioner "carries the burden of proof. . . and must overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance." <u>Crockett v. McCotter</u>, 796 F.2d 787, 791 (5th Cir. 1986)(citations omitted), <u>cert. denied</u>, 479 U.S. 1021 (1986); <u>Hayes v. Maggio</u>, 699 F.2d 198, 201-02 (5th Cir. 1983). The same test applies whether the defendant claims that his counsel was ineffective at trial or in the context of pleading guilty. <u>See Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985).

A.

Payne submits that, before he pled guilty, he informed his attorney, Packard Phillips, that he had a history of mental illness. Specifically, Payne advised counsel that July 16 - 21, 2003 he received treatment at the LSU Medical Center in New Orleans "following a suicide attempt," and that he "was mentally unstable at the time." Payne alleges that Phillips ignored this information and did not explore the possibility that he was incompetent to plead guilty. According to Payne, this violated the Sixth Amendment under Bouchillon v. Collins, 907 F.2d 589, 592 (5th Cir. 1990), in which the Fifth Circuit held that if an attorney knows that his client has a history of mental illness, the attorney must investigate the client's competency before representing him or her at a plea hearing.[2] But Payne's claim that Phillips ignored information regarding his past hospitalization is not supported by the record. In fact, Phillips obtained the medical files from

---

[2] The defendant in Bouchillon advised counsel that he had a history of mental illness and had previously been committed to a mental institution; counsel failed to investigate these claims and did not move for a competency evaluation. The Fifth Circuit held that failure to perform any investigation in these circumstances was unreasonable. Bouchillon, 907 F.2d at 596-97. The Fifth Circuit reached the same conclusion in Profitt v. Waldron, 831 F.2d 1245, 1249 (5th Cir. 1987), another case cited in Payne's papers. In Profitt, counsel was aware that his client had escaped from a mental institution, but counsel failed to investigate his sanity, even though insanity was the only available defense. An investigation would have revealed that the defendant had been adjudicated insane by an Idaho court only months before the trial. See Profitt, 831 F.2d at 1249. The court of appeals held that the attorney's failure was both unreasonable and prejudicial.

Payne's treatment at the LSU Medical Center during discovery. Unlike the information presented to defense counsel in Bouchillon (which, if pursued, would have established that the defendant was incompetent), the extensive LSU Medical Center records show that Payne was being treated for drug addiction, not mental illness.[3] Having followed up on the only lead he was given, Phillips represented Payne at the plea hearing with "enough information to enable [him] to make reasonable professional judgments without further investigation." Black v. Collins, 962 F.2d 394, 403-404 (5th Cir. 1992).

Furthermore, even if Phillips' failure to move for a competency evaluation before Payne pled guilty was unreasonable, Payne cannot show it resulted in prejudice. In the context of a

---

[3] Payne initially went to the Charity Hospital emergency room as a result of a drug overdose. Emergency room records indicate that Payne admitted to using too much heroin that day and to placing a pistol in his mouth, but he denied having suicidal or homicidal thoughts. During his initial psychiatric evaluation by Maureen Burrows, M.D., on July 16, 2003, Payne stated that his overdose was accidental and the incident with the pistol occurred three weeks previously during an argument with his wife. He denied having suicidal thoughts or attempting suicide. During his hospitalization, Payne was evaluated by social service workers, mental health professionals, and other hospital staff. He repeatedly denied having suicidal thoughts, and reportedly stated that he put a pistol in his mouth as a "scare tactic" to stop his wife from arguing with him, stating: "I wasn't going to kill myself. I don't want to kill myself now." A discharge summary prepared by Christopher White, M.D., on July 21, 2003 reports that Payne had no previous suicide attempts and no suicidal ideation when he arrived for treatment. It further states that Payne's condition at discharge was stable with no suicidal ideation or drug withdrawal symptoms.

guilty plea, prejudice is established if there is a reasonable probability that the defendant was in fact incompetent to plead guilty. See Theriot v. Whitley, 18 F.3d 311, 313-314 (5th Cir. 1994), citing Bouchillon, 907 F.2d at 595. A defendant is competent if he has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding. . . [and] a rational as well as factual understanding of the proceedings against him." Bouchillon, 907 F.2d at 592, quoting Dusky v. United States, 362 U.S. 402, 402 (1960). In a habeas review of a federal criminal conviction, the government bears the burden of demonstrating the defendant's competency by a preponderance of the evidence. United States v. Couch, 12 F.3d 207, 207 (5th Cir. 1993), citing United States v. Hutson, 821 F.2d 1015, 1018 (5th Cir. 1987).

   Shortly after pleading guilty, Payne told Phillips that he had a history of sexual abuse. Phillips immediately filed a motion for "determination of competency and/or extent of mitigation" in light of that disclosure. The Court granted the motion, and the resulting court-ordered psychiatric report concluded that Payne had the capacity to understand the proceedings against him and to assist in his defense; in short: "Mr. Payne did have the capacity to enter a guilty plea. His history of childhood sexual abuse did not impact

his ability to enter a guilty plea."[4] The facts of this case are exactly the opposite of the facts presented in Bouchillon: Payne's attorney pursued all the leads he was given, and his investigation led to no evidence that Payne was incompetent. Payne has not demonstrated that he was denied effective assistance of counsel in relation to his guilty plea.

B.

Payne contends that Phillips was negligent for failing to object to the Court's finding at sentencing that he "brandished" a firearm during a crime of violence. At his rearraignment, Payne pled guilty to a violation of 18 U.S.C. § 924(c)(1)(A), which provides:

> [A]ny person who, during and in relation to any crime of violence. . . uses or carries a firearm. . . shall, in addition to the punishment provided for such crime of violence. . . (I) be sentenced to a term of imprisonment of not less than 5 years; (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

At the sentencing hearing, the Court found that Payne "brandished" the firearm during the robbery and sentenced him to

---

[4] The examination was conducted by Donna M. Mancuso, M.D. and Jeffrey McGilbra, M.D. of the LSU Health Sciences Center, Division of Law and Psychiatry. The LSU doctors reviewed Payne's medical records from his July 2003 hospitalization at the LSU Medical Center, and from the University Medical Center in Lafayette, where Payne spent one night in drug detoxification in September 1998. The doctors also interviewed Payne, Phillips, and Payne's mother.

seven years in prison. See § 924(c)(1)(A)(ii). Payne asserts that his attorney's failure to object to the sentence was objectively unreasonable, because, according to Payne, the Court was precluded from finding that he brandished a firearm. Payne relies on the fact that he crossed off the words "brandished" and "brandishing" from the factual basis before signing it, which he claims created some kind of plea agreement or guarantee that he would not be sentenced to seven years. The fact is, however, Payne pled guilty to a § 924(c)(1)(A) violation.[5] He admitted (and was witnessed) using and carrying a chrome revolver during the bank robberies. Rather than arguing that Payne did not brandish the gun, Phillips instead focused on Payne's troubled childhood and argued for leniency. This was a valid strategic decision by counsel, and Payne has certainly

---

[5] Before accepting Payne's guilty plea, the Court told Payne that he was charged with, and could be sentenced for, brandishing a gun during the robberies: "Now, I understand, Mr. Payne, you deny that you brandished the gun. You're charged with brandishing the gun, as is Mr. Stevenson. You will have a right to try to convince me at your sentencing hearing that you didn't brandish the gun"; "[i]n Count 2, you are both again commonly charged that on or about June 30, 2003, in the Eastern District of Louisiana, you both did knowingly use, carry, and brandish--you're going to have a chance to fight that--these guns in violation of the federal statutes stated in the indictment." The Court also informed the defendants that "[a]s to Count 2, which is the brandishing and carrying the gun count, the Court could impose a maximum sentence of seven years to life in prison--and that is in addition to the punishment I described in Count 1. . . . " When asked whether he disagreed with anything in the factual basis, Payne responded: "[j]ust the word brandish and they took care of it." The Court responded: "[y]ou have modified that and, as I have explained to you, you will have a right to confront the government on that issue at your sentencing hearing. Do you understand that?" Payne answered: "Yes, I do."

not overcome the "strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance." Crockett v. McCotter, 796 F.2d 787, 791 (5th Cir. 1986). Payne adds that Phillips was negligent for failing to object to the sentence under the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296 (2004) and United State v. Booker, 543 U.S. 220 (2005). These cases were not yet decided, and, under the law at the time of Payne's sentencing, the Court's finding that Payne brandished the firearm elevated the minimum consecutive sentence to seven years. See § 924(c)(1)(A); see also United States v. Payne, 168 Fed. Appx. 642 *1 (5th Cir. 2006).

### III.

Payne next asserts that his appellate counsel, Roma Kent, was ineffective due to a conflict of interest, because Kent was allegedly assisted by George Chaney, Jr., who represented Payne's co-defendant Ken Stevenson at their rearraignment hearing.[6] This collaboration allegedly caused Kent to abandon two arguments on appeal: (1) that Payne should be re-sentenced according to Booker, and (2) that Payne was incompetent when he pled guilty.

To prevail on this claim, Payne must show that Kent was acting under the influence of an actual conflict of interest that adversely affected her performance. See Cuyler v. Sullivan, 446

---

[6] Kent and Chaney are both lawyers at the Federal Public Defenders Office. Payne states that Chaney responded to one of his phone calls and assisted in other aspects of the case.

U.S. 335 (1980); see also Perillo v. Johnson, 205 F.3d 775, 781 (5th Cir. 2000). He has not done so. Payne's habeas petition provides no explanation whatsoever as to how or why Chaney's involvement in the appeal placed Kent in a position of having divided loyalties. See United States v. Infante, 404 F.3d 376, 392 (5th Cir. 2005), citing United States v. Medina, 161 F.3d 867, 870 n. 2 (5th Cir. 1998). He has (at best) established a "merely theoretical" conflict of interest. In any case, Payne has not shown that the alleged conflict adversely impacted counsel's performance. In fact, Kent did argue that Payne should be re-sentenced under Booker, but the court of appeals affirmed the district court's judgment.[7] Finally, Kent had little, if any, basis to argue that Payne was incompetent to plead guilty. The LSU Medical Center's psychiatric report concluded he was competent, and no subsequent evaluation contradicted these findings. See Jones v. Barnes, 463 U.S. 745, 752-52 (1983) ("winnowing out weaker claims on appeal and

---

[7] The Fifth Circuit acknowledged that Payne was sentenced based on facts that were not admitted or proven to a jury. See United States v. Payne, 168 Fed. Appx. 642 *1 (5th Cir. 2006). However, the error did not affect Payne's substantial rights under United States v. Mares, 402 F.3d 511, 521 (5th Cir. 2005). Payne presents two other ineffective assistance claims in relation to his appeal. First, he argues that his trial counsel, Packard Phillips, was ineffective for not appealing the sentence to the Fifth Circuit. This claim fails because Payne's court-appointed appellate counsel filed the appeal, and Payne's sentence was upheld. Payne therefore cannot establish prejudice. Strickland v. Washington, 466 U.S. 668 (1984). Second, Payne claims that Kent's alleged conflict prevented her from arguing for the retroactive application of Booker. This argument was foreclosed by Padilla v. United States, 416 E.3d 424, 427 (5th Cir. 2005).

focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy.") (internal quotations omitted).

IV.

Lastly, Payne argues that 40 U.S.C. § 3112 requires the government to prove federal jurisdiction over the land a bank sits upon to prosecute for bank robbery. Federal jurisdiction to prosecute bank robbery is based on 18 U.S.C. § 2113(a), (f), and (g), and proving jurisdiction under § 3112 is not an element of the crime.[8]

V.

Accordingly, IT IS ORDERED that Addison Payne's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is DENIED.

New Orleans, Louisiana, March 4, 2008.

*/s/ Martin L. C. Feldman*
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[8]The deposits of IberiaBank are insured by the Federal Deposit Insurance Corporation, and the deposits of the Navy Federal Credit Union are insured by the National Credit Union Administration Board. That is the basis for jurisdiction. See United State v. Guerrero, 169 F.3d 933, 944 (5th Cir. 1999).